IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOE SHERMAN,

    Plaintiff,                               No. CIV S-06-2414 GEB GGH P

    vs.

DAVE HENDERSON, former Yolo
County District Attorney, et al.,

    Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Following the court's order that plaintiff file an in forma pauperis affidavit or pay the required filing fee, plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 4.34 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to

collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

1 | Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

2 | Before plaintiff had submitted his in forma pauperis application and before the
3 | original complaint was screened, plaintiff filed, on December 4, 2006, a motion to supplement
4 | his complaint, which was defective for his failure to include a complete proposed amended
5 | complaint. Plaintiff filed his in forma pauperis affidavit on December 8, 2006, following the
6 | court's order, filed on November 29, 2006. Subsequently, on January 29, 2007, plaintiff sought
7 | leave to amend his original complaint asking the court to disregard his prior motion, this time
8 | including a proposed amended complaint. The court will deny the prior defective motion, filed
9 | on December 4, 2006.

10 | The Federal Rules of Civil Procedure provide that a party may amend his or her
11 | pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R.
12 | Civ. P. 15(a). Therefore, plaintiff's January 29, 2007, motion to amend is granted, and the court
13 | will proceed to screen the amended complaint, filed on that date.

14 | Plaintiff, in a 52-page amended complaint, which on the face of it, violates Rule 8
15 | of the Federal Rules of Civil Procedure, names as defendants: Yolo County's former district
16 | attorney, David Henderson, as well as an unspecified number of unidentified deputy district
17 | attorneys acting as his agents who carried out his policies; Yolo County transportation district
18 | director, Terry Bassett, including unnamed Yolo bus drivers and employees; Yolo County deputy
19 | district attorney, Alvina Tzang; Yolo County current district attorney, Jeff Reisig; Yolo County,
20 | including the Yolo County Board of Supervisors, past and present, and other unnamed
21 | employees, agents, branches, affiliates of the county, who implement county policies and
22 | practices. Amended Complaint (AC), pp. 2-3.

23 | Plaintiff seeks money damages and prospective injunctive relief for alleged
24 | violations of his rights under the Fourteenth Amendment (equal protection), Fourth Amendment
25 | (unreasonsable seizure), First Amendment (freedom of speech). AC, pp. 3, 52.

26 | The gravamen of the amended complaint is that plaintiff has been subject to

malicious prosecution and has been the victim of a conspiracy, or at least on-going harassment, on the part of Yolo County officials to deprive him of his constitutional rights. Plaintiff begins by describing an incident on March 17, 2006, when plaintiff left a Yolobus under protest due to the driver's and eventually the Woodland Police's apparent threats of "unreasonable seizure" against him, even though he was only engaged in a "religious discussion" with another passenger. Plaintiff claims that the threats of seizure occurred in the context of six earlier cases, for which he was maliciously prosecuted in two of the cases. In five of the prior cases, charges were dropped for lack of evidence or plaintiff was vindicated in a jury trial; the sixth is on appeal. Plaintiff claims that in June of 2006, he was once again forced to leave the Yolobus without justification and unlawfully imprisoned in Yolo County Jail for six to ten hours, although no charges were filed. Plaintiff has written and filed and phoned in complaints to the Yolo County Board of Supervisors and the Yolo County Transportation District since 1998, to no avail. AC, pp. 3-4.

   Plaintiff contends that he was subject to malicious prosecution by defendant Tzang on July 8 and 9, 2006, when he was prosecuted for violations of two court orders that plaintiff deems "unconstitutional on their face," because he had thereby been "banished" from the University of California at Davis campus. The prosecution resulted in a "false conviction," and an imposition of an extensive 240-day jail sentence. AC, pp. 5-7.

   On August 10 and 11, 2006, plaintiff was again subjected to malicious prosecution for violation of two unconstitutional court orders, also involving "banishment," this time from an unspecified location. The prosecution was engaged in a conspiracy with the judge to create a kangaroo trial and plaintiff was again subjected to a 240-day jail sentence. AC, pp. 7-9.

   In March, 2005, plaintiff was discriminated against and subject to malicious prosecution by defendant district attorney and his agent, Tzang, for violation of unconstitutional court orders, for which he received a thirty to ninety day jail sentence. AC, pp. 9-12. Plaintiff

4

nowhere states that these convictions have been overturned or otherwise invalidated.

Plaintiff then alleges that he was unreasonably seized by UCD police based on allegations that he had violated orders he deems unconstitutional on February 2, 2005, February 8, 2005, February 12, 2005, March 26, 2005, April 20, 2005, May 31, 2005, June 5, 2005. AC, pp. 12-16. It appears from his allegations that plaintiff was simply removed from the campus but not prosecuted for violating court orders, arising from these seizures.

Plaintiff dips further into the past, seeking to preempt or circumvent any potential statutory time bar, seeking to invoke the continuing violation theory. AC, pp. 17-18. Plaintiff asserts that in September of 1999, he was acquitted of charges in a trial consolidating five cases and involving five Davis real estate brokerage firms. In a December 19, 1999, hearing Yolo County Superior Court Lebov "testified" on the record which plaintiff states concerned "2 false arrests by Safeway and Davis police." Plaintiff avers that the judge stated: "I've had a number of these cases come before me involving Mr. Sherman; what always happens is, Mr. Sherman isn't doing anything wrong, and these people are violating his rights. I'm going to get an injunction myself preventing any more of this harassment if it doesn't come to a halt!" AC, p. 19.

Plaintiff claims that the acquittal and the subsequent hearing in 1999, were warnings which defendants and their co-conspirators failed to heed, instead continuing to maliciously prosecute plaintiff on "patently false charges, most with no probable cause." AC, p. 20. Plaintiff alleges that there were a series of cases filed against him "unjustly" in 2001 and 2002, ten or more cases in 1999-2000, and eight or more cases in 1998, yet there were "virtually no convictions," which proves that plaintiff was subjected to a conspiracy by Davis police (not specifically named herein as defendants). Id.

Plaintiff complains of various "kangaroo" trials occurring in 2003 and 2004 at which his equal protection rights were violated in various ways, such as being precluded from telling the respective juries of the invidious discrimination to which plaintiff had been subjected by defendants; having unspecified jury instructions unjustly excluded; violations of speedy trial

5

rights; plaintiff interrupted by defendant's frivolous objections. These various prosecutions resulted in unjust convictions, for which plaintiff was compelled to seek to reverse by way of habeas petition. AC, pp. 21-33. However, plaintiff does not make any adequate representation that any of the convictions were actually reversed.

Plaintiff goes on to recount various incidents wherein he was wrongfully denied access to the Yolobus, going back to 1999. He complains that in 2001-02 he was unjustly banned from the Yolo County Library Davis Branch for two weeks. AC, pp. 34-37, 40-43.

Plaintiff harks back to a 2001 prosecution, wherein defendant refused to drop a charge of interference with business even though the complaining witness attested to plaintiff's innocence, which trial ended in a hung jury. When plaintiff contacted that witness after the mistrial to request that "he drop charges to eliminate possibility of retrial," plaintiff was "falsely charged" for intimidating a witness. AC, pp. 38-39.

Plaintiff accuses the Davis police of having hunted him down and kidnapped him for nine years. He also appears to allege that they have committed perjury in the trials against him, and the district attorney and Davis police have committed hate crimes against him. AC, pp. 44-52.

"In this circuit, the general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). The Ninth Circuit has set forth the elements of malicious prosecution in this state:

> In California, the elements of malicious prosecution are (1) the initiation of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause.

Usher, supra, 828 F.2d at 562. In Siebel v. Mittlesteadt, 41 Cal.4th 735, 62 Cal.Rptr.3d 155 (2007), the California Supreme Court has recently reaffirmed that:

> To establish a cause of action for malicious prosecution, a plaintiff must demonstrate that the prior action (1) was initiated by or at the direction of the defendant and legally terminated in the plaintiff's

favor, (2) was brought without probable cause, and (3) was initiated with malice.

There is an exception to the general rule that a malicious prosecution claim is not cognizable under 42 U.S.C. § 1983 "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." Usher, supra, at 562 [internal quotation omitted]. Moreover, a malicious prosecution action is "not limited to suits against prosecutors but may be brought ... against any other persons who have wrongfully caused the charges to be filed." Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004).

However, plaintiff has not made the requisite threshold showing that the cases of which he complains have terminated in his favor. In fact, the court takes judicial notice[1] of one case, Case No. CIV S-06-931 FCD GGH P, that was before the undersigned in the form of a habeas petition wherein plaintiff, as petitioner, challenged as unconstitutional a probation condition, evidently arising from two different convictions, in which he was "banished" from the UCD campus, a petition that was denied, by Order, filed on July 2, 2007, adopting Findings and Recommendations, filed on October 17, 2006.

Plaintiff's claims for money damages, on the face of it, thus, are Heck-barred. In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

7

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

More basically, plaintiff's broad-ranging and myriad allegations of harassment, conspiracy and malicious prosecution by Yolo County officials, covering a nine-year period of time, violate Fed. R. Civ. P. 8. Under Rule 8, complaints are required to set a forth, inter alia, a short and plain statement of the claim showing entitlement to relief. Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179. The amended complaint in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." McHenry , 84 F.3d at 1179-80.

The amended complaint will be dismissed but plaintiff will be granted leave to amend within thirty days. Because plaintiff has not set forth a "short and plain statement of the claim," unduly burdening the court, the undersigned will require that the body of the second

1  amended complaint not exceed ten (10) pages in length, with any exhibits not to exceed five (5)
2  additional pages.  Should plaintiff fail to comply with this requirement in filing a second
3  amended complaint, the filing will be stricken for plaintiff's failure to comply with a court order,
4  see Local Rule 11-110, and the undersigned will recommend dismissal of this action.

5        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
6  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
7  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
8  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
9  there is some affirmative link or connection between a defendant's actions and the claimed
10 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
11 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
12 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
13 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

14       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
15 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
16 amended complaint be complete in itself without reference to any prior pleading.  This is
17 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
18 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
19 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
20 original complaint, each claim and the involvement of each defendant must be sufficiently
21 alleged.

22       In accordance with the above, IT IS HEREBY ORDERED that:
23       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
24       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
25 Plaintiff is assessed an initial partial filing fee of $ 4.34.  All fees shall be collected and paid in
26 accordance with this court's order to the Director of the California Department of Corrections

1  and Rehabilitation filed concurrently herewith.

2      3. Plaintiff's motion to supplement his complaint, filed on December 4, 2006, is
3  denied as defective;

4      4. Plaintiff's motion to amend his original complaint, filed on January 29, 2006,
5  is granted, and the original complaint is superseded by the amended complaint, filed on January
6  29, 2007, pursuant to Fed. R. Civ. P. 15(a);

7      5. The amended complaint is dismissed for the reasons discussed above, with
8  leave to file a second amended complaint within thirty days from the date of service of this order.
9  Any second amended complaint must not exceed fifteen pages, with a maximum of ten pages
10 constituting the allegations or body of the second amended complaint, and a maximum of five
11 pages included as exhibits.   Failure to file a second amended complaint will result in a
12 recommendation that the action be dismissed.  Failure to file a second amended complaint that
13 meets the page limits herein set forth will constitute a separate ground of dismissal.

14 DATED: 9/13/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

18 GGH:009
sher2414.b